IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ASCENDANT RENEWABLE ENERGY CORPORATION, | § § § | |
| Movant, | § § | |
| v. | § | Civil Action No. 3:16-cv-750-K |
| | § | |
| SOARING WIND ENERGY, LLC, TANG ENERGY GROUP, LTD., KEITH P. YOUNG, MITCHELL W. CARTER, JAN FAMILY INTERESTS, LTD., and THE NOLAN GROUP, INC., | § § § § § § § | |
| Respondents. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Respondents' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. No. 15). Respondents Soaring Wind Energy, Tang Energy Group, Ltd., Keith P. Young, Mitchell W. Carter, Jan Family Interests Ltd., and The Nolan Group ("Respondents") move to dismiss Movant Ascendant Renewable Energy Corporation's ("Ascendant") petition to vacate an arbitration award entered in favor of Respondents. Respondents argue that there is no longer a case or controversy to be decided by this Court and this action should be dismissed because Respondents filed a Covenant Not to

1

Confirm Final Arbitration Award Against Ascendant ("Covenant") as part of Respondents' Motion to Dismiss. After careful consideration of Respondents' Motion to Dismiss, the response, the reply, Respondents' supplemental response, Ascendant's reply to Respondents' supplemental response, the supporting appendices, and the applicable law, the Court **GRANTS** Respondents' Motion to Dismiss for Lack of Subject Matter Jurisdiction.

## I.   Factual and Procedural Background

Ascendant petitioned this Court to vacate an approximately $70 million arbitration award that Respondents obtained against Ascendant (Doc. No. 1). Respondents have not taken action to confirm the arbitration award against Ascendant. Respondents instead move for the Court to dismiss Ascendant's petition for lack of subject matter jurisdiction (Doc. No. 15). The Appendix of Respondents' Motion to Dismiss included Respondents' Covenant (Doc. No. 16-3) that states Respondents agree "not to seek to confirm or confirm the final arbitration award against Ascendant." Respondents argue that because of their Covenant there is no longer a case or controversy to be decided by the Court and this case should be dismissed for lack of subject matter jurisdiction. Ascendant's response characterized Respondents' Covenant as a "vague assurance" and an "illusory promise" (Doc. No. 19).

On September 28, 2016, the Court issued an Order holding Respondents' motion in abeyance for ten days to allow Respondents' to supplement their motion (Doc. No. 21). At the time, the Court was inclined to believe that Respondents' Covenant was nothing more than a "vague assurance."

Respondents supplemented their Motion to Dismiss with new assurances to solidify their Covenant (Doc. No. 22). In their supplemental response, Respondents stated that they "believe that the covenant fully protects Ascendant and again affirm that they do no seek to enforce the arbitration award against Ascendant and will not do so in the future." The supplemental response went on to state that Respondents have not sought to confirm the arbitration award against Ascendant. Moreover, Respondents chose not to name Ascendant in a currently pending proceeding before this Court in which they are seeking to confirm the arbitration award against other parties, *Soaring Wind Energy, LLC, et al. v. CATIC USA, Inc., et al.*, Civil Action No. 3:15-CV-4033-K ("Soaring Wind proceeding"). The deadline to name Ascendant in the Soaring Wind proceeding in which Respondents are seeking to confirm the arbitration award is December 21, 2016. Respondents assert they have no

intention to name Ascendant in the Soaring Wind proceeding. Furthermore, Respondents would be required to seek leave of the Court to do so.

## II.   Legal Standard

A party is permitted to challenge the subject matter jurisdiction of a district court to hear a case by filing a motion under Federal Rule of Civil Procedure 12(b)(1). FED. R. CIV. P. 12(b)(1). The burden of proof for a motion to dismiss under Rule 12(b)(1) is on the party asserting that jurisdiction exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.1980)). If the court determines that it lacks subject matter jurisdiction, the court must dismiss the action. FED. R. CIV. P. 12(h)(3).

A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the constitutional power to adjudicate the law suit. *CleanCOALition v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008). The United States Constitution limits the jurisdiction of federal courts to actual cases and controversies. U.S. CONST. art. III, § 2, cl.1. A party seeking to invoke federal court jurisdiction must demonstrate that they have a legal interest or personal stake in the outcome of the case. *Payne v. Progressive Fin. Servs., Inc.*, 748 F.3d 605, 607 (5th Cir. 2014). "This requirement ensures that

the Federal Judiciary confines itself to its constitutionally limited role of adjudicating actual and concrete disputes, the resolutions of which have direct consequences on the parties involved." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528 (2013).

A live controversy must exist at every stage of the litigation. *Preiser v. Newkirk*, 95 S. Ct. 2330, 2334 (1975). At any point, if an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, the action can no longer proceed and the case must be dismissed as moot. *Genesis Healthcare Corp.*, 133 S. Ct. at 1528. A case becomes moot and is no longer a "case" or "controversy" when the issues presented in the case are no longer live or there is no longer a legally cognizable interest in the outcome of the case for the parties. *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 726–27 (2013).

III. **Analysis**

A covenant not to confirm an arbitration award moots a cause of action if the party making the covenant shows that it is "absolutely clear" that it "could not reasonably be expected to resume its enforcement" of the arbitration award against the other party. *See Already*, 133 S. Ct. at 727–28, 732 (covenant not to sue issued by plaintiff after complaint was filed caused

5

defendant's counterclaim to be moot because it was no longer a live controversy). "[A] defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 120 S. Ct. 693, 709 (2000).

The Court finds that Respondents' Covenant and their supplemental response containing further assurances shows that Respondents will not seek to confirm the arbitration award against Ascendant. In their Covenant, Respondents agree "not to seek to confirm or to confirm the final arbitration award against Ascendant." Respondents then filed a supplemental response to show that the Covenant was more than a "vague assurance." Respondents represented to the Court that they "believe that the covenant fully protects Ascendant and again affirm that they do no seek to enforce the arbitration award against Ascendant and will not do so in the future." Respondents have also chosen not to name Ascendant in the Soaring Wind proceeding also before this Court, where they are seeking to enforce the arbitration award against other parties.

The Court finds that there is no longer a live case or controversy for the Court to decide and Ascendant's case is moot. Respondents' motion to dismiss

the case is **GRANTED**, and the case is dismissed because the Court lacks subject matter jurisdiction.

IV.  **Conclusion**

Because there is no case or controversy for the Court to decide, the Court **GRANTS** Respondents' Motion to Dismiss for Lack of Subject Matter Jurisdiction.

**SO ORDERED.**

Signed December 5th, 2016.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE